UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALVIN FULTON,

                        Plaintiff,

            -against-

MICHAEL CAPRA; W. WYLLIE; JOHN
DOE CORRECTIONS OFFICER,

                        Defendants.

21-CV-0339 (CM)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a prisoner at Greene Correctional Facility, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP. *See Fulton v. Monroe Cnty Sup. Ct.*, No. 18-CV-6386 (CJS) (W.D.N.Y. Aug. 24, 2018) (complaint against state court, filed while a prisoner at Sing Sing Correctional Facility, dismissed for failure to state a claim and because defendant is immune from suit); *Fulton v. Monroe Cnty Sup. Ct.*, No. 18-2943 (2d Cir. Mar. 28,

2019) (appeal, filed while a prisoner at Sing Sing Correctional Facility, was "DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e)"); *Fulton v. Senkowski*, No. 06-3475-pr (2d Cir. Dec. 15, 2006) (appeal, filed as a prisoner, "DISMISSED as frivolous because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(a), (e)(2)"). Accordingly, because Plaintiff is barred under § 1915(g), he must pay the filing fee to bring this action unless he is "under imminent danger of serious physical injury."

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that in 2018, Defendants failed to act promptly to protect him from toxic smoke from a fire in a nearby cell at Sing Sing Correctional Facility, and failed to provide constitutionally adequate medical care. Plaintiff has since been moved to a different facility. Plaintiff's claims are not within the imminent danger exception to the § 1915(g) bar.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were

---

[1] An imminent danger is one "that has [not] dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from bringing future actions, while a prisoner, without prepaying the filing fee.[2]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred from proceeding *in forma pauperis*. For Plaintiff's convenience, a declaration form is attached to this order. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   February 16, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff is not barred from bringing a new case with prepayment of the filing fee.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____  CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

Signature

Name

Prison Identification # (if incarcerated)

Address          City          State     Zip Code

Telephone Number (if available)

E-mail Address (if available)

Page 2