UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALVIN FULTON,

                Plaintiff,

-against-

MICHAEL CAPRA; W. WYLLIE; JOHN DOE CORRECTIONS OFFICER,

                Defendants.

21-CV-0339 (CM)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, United States District Judge:

      Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On February 16, 2021, the Court noted that while a prisoner, Plaintiff had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and it ordered Plaintiff to show cause by declaration within thirty days why he should not be barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner. In response, Plaintiff filed a letter and a declaration (ECF Nos. 6-7) but neither provides sufficient reason to conclude that the § 1915(g) bar does not apply.

## CONCLUSION

      While Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff has not shown cause why the § 1915(g) bar does not apply, and thus he is barred from filing future actions IFP in this Court while a prisoner unless he seeks relief for an imminent threat of serious physical injury.[1] Although Plaintiff argues that this action is meritorious, nothing in the

---

[1] Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

complaint or subsequent submissions suggests that he is in imminent danger of serious physical injury and that his claims have some nexus to such a danger. Instead, Plaintiff's claims arise from an incident in the past at a facility where he no longer resides.

The Court denies Plaintiff's request to proceed IFP in this action, and the complaint is dismissed under the PLRA's "three-strikes" rule, without prejudice to Plaintiff's refiling it.[2] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 5, 2021
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff may commence a new action with prepayment of the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).